Stephen R. Thomas, ISB No. 2326
James L. Martin, ISB No. 4226
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5384
Email: sthomas@hawleytroxell.com
       jmartin@hawleytroxell.com

Attorneys for Defendant PerfectMind, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CITY OF BOISE CITY, a municipal corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PERFECTMIND, INC., a British Columbia corporation,<br><br>    Defendant. | Case No. _____<br><br>NOTICE OF REMOVAL |

    PLEASE TAKE NOTICE that Defendant PerfectMind, Inc. ("Defendant" or "PerfectMind"), by and through its attorneys of record, Hawley Troxell Ennis & Hawley LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes this action, which was filed on June 28, 2019, as Case No. CV01-19-11915 on the docket of the Fourth Judicial District Court of the State of Idaho, for the County of Ada, to the United States District Court, District of Idaho. As more fully set forth below, this case is properly removable to this Court pursuant to 28

NOTICE OF REMOVAL - 1

U.S.C. § 1441 because PerfectMind has satisfied the procedural requirements for removal under 28 U.S.C. § 1446 and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. PROCEDURAL BACKGROUND

On July 5, 2019, Plaintiff Boise City ("Plaintiff" or the "City") served Defendant with its Complaint, dated June 28, 2019 ("Complaint"), which Complaint was filed with the Fourth Judicial District Court of the State of Idaho in and for Ada County on June 28, 2019. As required by 28 U.S.C.§ 1446(a) and Local District Rule of Procedure 81.1, a copy of the entire state court record and the Register of Actions, which includes the Complaint and Summons, is attached hereto as **Attachments 1-5**.

In the Complaint, the City asserts that, pursuant to a 2016 Request for Proposal 17-079, the City entered into an agreement with PerfectMind, on December 6, 2017, for the benefit of the City's Parks & Recreation Department and its customers. Compl. ¶¶ 6-7. Specifically, it was a software-as-a service and professional services agreement ("SAAS"), whereby the City could ultimately access via internet a version of Defendant's "Software as a Service Platform called PerfectMind Version 4.9.9". *Id.* ¶ 7. The agreement contemplated a term of five years, but the City terminated the agreement on January 16, 2019, allegedly for "cause." The City alleges four counts: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing; (3) breach of express warranty; and (4) fraudulent misrepresentation. A jury trial was demanded. The City prays for a total of $681,000 in damages. *Id.* at 18.

## II. DIVERSITY JURISDICTION

Removal is proper under 28 U.S.C. § 1441(a), because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States[.]" 28 U.S.C. § 1332(a). A corporation is considered a citizen of every state "by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

### A. Diversity of Citizenship Exists.

1. Plaintiff alleges that it is a municipal corporation in Ada County of the State of Idaho. Compl. ¶ 1. Accordingly, Plaintiff is a citizen of Idaho. *See* 28 U.S.C. § 1332(a).

2. Plaintiff further alleges that Defendant is a British Columbia corporation with its primary place of business in Vancouver, British Columbia, Canada. Compl. ¶ 2 and Exhibit A to the Complaint. Defendant admits that this is true. Accordingly, Defendant is a citizen of British Columbia. *See* U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation's principal place of business is where its "nerve center" is located, which is typically where its headquarters are).

3. For purposes of removal, this action is between a citizen of Idaho, the City, and a citizen of British Columbia, PerfectMind. Therefore, pursuant to 28 U.S.C. § 1332(a), this action is between citizens of different states and the diversity of citizenship requirement is met.

**B.     The Amount in Controversy Requirement Is Satisfied.**

1.     The amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiff's alleged damages are in excess of $75,000. Compl. Prayer at 18.

2.     Although Defendant reserves the right to object to the damages sought by Plaintiff and disputes that Plaintiff is entitled to recover any damages, Plaintiff has alleged total damages of approximately $681,000. Compl. at 18. This amount exceeds the sum of $75,000. Therefore, based on the allegations in the Complaint, the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

Accordingly, because complete diversity of citizenship exists and the amount in controversy requirement is met, the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are satisfied, and this action may be removed to this Court under 28 U.S.C. § 1441(a).

### III.     PROCEDURAL REQUIREMENTS

1.     **Pleadings.** A copy of "all process, pleadings, and orders served upon," Defendant, *see* 28 U.S.C. § 1446(a), are attached hereto as **Attachments 1-5** (which includes the Complaint and Summons).

2.     **Timeliness**. Because Defendant was served on July 5, 2019, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), having been filed within 30 days from that date. Further, this Notice of Removal has been filed less than one year after the commencement of the action. *See* 28 U.S.C. § 1446(c)(1).

3.      **Consent**.  PerfectMind is the only defendant in this action.  Thus, as the only defendant, PerfectMind is the only party required to provide consent to removal as required under 28 U.S.C. § 1446(b)(2) ("[A]all defendants who have been properly joined and *served* must join in or consent to the removal of the action." (emphasis added)).

4.      **Notice**.  Consistent with the requirements of 28 U.S.C. § 1446(d), Defendant will file a Notice of Notice of Removal with the Idaho state court and serve this Notice as well as the Notice of Notice of Removal upon Plaintiff.  A true and correct copy of the Notice of Notice of Removal to be filed with the Idaho state court is attached (excluding its exhibits ) as **Attachment 6**.

5.      **Forum**.  Ada County, Idaho, is within the district of the United States District Court for the District of Idaho.  Therefore, this "district and division embrac[es] the place where [the Complaint] is pending," and therefore this is the appropriate court for removal.  28 U.S.C. § 1441(a).

6.      Pursuant to Local District Rule of Procedure 81.1, a Civil Cover Sheet has been filed concurrently herewith.

WHEREFORE Defendant requests that Case No. CV01-19-11915, on the docket of the Fourth Judicial District Court of the State of Idaho, for the County of Ada, be removed to the United States District Court, District of Idaho.

DATED: July 31, 2019.

                        HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
     Stephen R. Thomas, ISB No. 2326
     James L. Martin, ISB No. 4226
     Attorneys for Defendant PerfectMind, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of July, 2019, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Scott Muir | smuir@cityofboise.org |
| Kelley Fleming | kfleming@cityofboise.org |

_____
Stephen R. Thomas